### BRYANT *v.* TOWN OF RANDOLPH.

*(Supreme Court, General Term, Fifth Department.    June 2, 1891.)*

DEFECTIVE HIGHWAYS—PROVINCE OF JURY.

> In an action against a town for injuries alleged to have been caused by a defective highway at a railroad crossing, it appeared that when the railroad was constructed the highway had been raised about 12 feet, in order to cross at grade, so that there was a steep incline in the highway on each side of the railroad, and there was a sharp curve in the approach on each side. *Held,* that the trial court properly submitted to the jury the questions whether the highway was not dangerous from the time the railroad was constructed, and whether certain repairs made by the highway commissioner before the accident had not made it more dangerous.

Appeal from circuit court, Cattaraugus county.

Action by Samuel Bryant against the town of Randolph for personal injuries causing the death of plaintiff's intestate. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. For former report, see 6 N. Y. Supp. 438.

Argued before DWIGHT, P. J., and MACOMBER, J.

*W. H. Henderson,* for appellant.    *F. W. Stevens,* for respondent.

MACOMBER, J.   When this case was before us on the former appeal by the defendant, (*Bryant* v. *Town of Randolph,* 6 N. Y. Supp. 438,) we granted a new trial upon what was deemed to be errors prejudicial to the defendant in the progress of the trial, and in the charge of the court to the jury. The matters there discussed have no place in the present appeal; for upon the new trial which was had, close adherence seems to have been given to the opinion of the general term. The plaintiff's intestate was passing along a highway in the town of Randolph, near a point where the road is crossed by the New York, Pennsylvania & Ohio Railroad, but within the lines of the railway lands, and was there overturned and killed. This highway, it is shown, had existed for many years prior to the construction of the railroad, which was in 1860. The company carried the highway across its tracks at grade, but in doing so it elevated the highway about 12 feet above its original and natural level. This caused a sharp incline in approaching the railroad from the north and south sides. The deceased was driving a span of horses attached to a wagon having a load of bark weighing 2 tons and 300 pounds. There was a sharp bend or curve to the right while approaching the track from the south side, and a correspondingly sharp turn to the left, in descending, and in passing on to the village of Randolph. While descending the grade on the north side of the railroad, and while yet upon the railroad lands, at a point 30 or 40 feet north of the tracks, on a down grade of 18 feet to the 100 feet, the wagon was overturned to the left, and the driver was killed. The evidence on the last trial is, in respect to the generally dangerous condition of the highway, not materially different from that which was before us on the former appeal. It was a dangerous spot for travelers with heavy loads. As was formerly held, there were two questions to be submitted to the jury, namely, whether the commissioner of highways of the town of Randolph had properly discharged his public duties in respect to this highway; and, *secondly,* whether the deceased, in passing along the highway, had exercised a proper degree of care for his own safety. These questions have, on the trial now under consideration, been carefully and lucidly submitted to the jury, and a verdict has been granted that we are not able to disturb. The learned justice submitted to the jury the question, first, whether the road was not an actually unsafe highway from the time of the construction of the rail-

road, in 1860, down to the time of the injuries received by the plaintiff's intestate, in the year 1887. The other question so submitted to the jury was whether or not the commissioner of highways, in making repairs in the year 1886, by putting gravel on the highway, had not actually increased the hazards of the situation. The general verdict rendered by the jury leaves it undetermined upon which ground they rested their judgment; but we think, upon the evidence adduced upon this trial, whatever may have been our doubts in regard to the second proposition under the testimony disclosed on the first trial, the court was correct in laying before the jury both branches of the case. We are not unmindful of the case of *Post* v. *Railroad Co.*, 123 N. Y. 580, 26 N. E. Rep. 7, which is pressed upon our attention by the learned counsel for the appellant in order to modify the views expressed upon the former appeal. We do not think that the case cited has any bearing upon the proposition. It was there simply held that a commissioner of highways of a town has no power to control the location of a railway within the line of a highway of the town, and that while, for any failure of the railroad company in the performance of the duty of the restoration, he is authorized to maintain an action for its performance, or for damages sustained by the town, (chapter 255, Laws 1855,) it is for the company, in the first instance, to determine the method of restoration, it taking the risk of its act being in accordance with its obligation, and the commissioner has no power to dictate how the restoration shall be accomplished. This doctrine, in our judgment, is not in the least inconsistent with the proposition that the town of Randolph, by adopting the highway so carried across the railroad tracks, working and attempting to improve the same, was liable to the same extent for injuries received there, under the same conditions as it would be upon other portions of the highway not owned by the railroad company.

We have considered the other questions arising upon the trial raised by the elaborate brief of the appellant's counsel, and do not find in them anything of which to predicate such error as would lead to a reversal of the judgment, and a new trial. It follows, therefore, that the judgment and order appealed from should be affirmed.